# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. TAVARES & CARMEN TAVARES, AS INDIVIDUALS,<br><br>    Plaintiffs,<br>vs.<br>NATIONSTAR MORTGAGE LLC; CAL-WESTERN RECONVEYANCE CORP.; All unknown persons claiming any legal or equitable right, title, estate, lien or interest in the property described in the Complaint adverse to Plaintiffs' title thereto, and DOES 1 through 60, inclusive,<br><br>    Defendants. | CASE NO. 14cv216-WQH-NLS<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiffs' Complaint, filed by Defendant Nationstar Mortgage LLC. (ECF No. 6).

**I.  Background**

In February 2007, Plaintiffs borrowed $508,000 from Lehman Brothers Bank, FSB, a Federal Savings Bank ("Lehman Bros."). (ECF No. 6-4 at 2-3).[1] The loan was secured by a Deed of Trust encumbering the real property at issue, 287-289 Fifth Avenue, Chula Vista, California. *Id.* The Deed of Trust lists Lehman Bros. as the lender, Ticor Title Company as the trustee and Mortgage Electronic Registration

---

[1] Pursuant to Federal Rule of Evidence 201 and Civil Local Rule 7.1(f)(3)(c), the unopposed Request for Judicial Notice is granted. (ECF No. 6-2).

Systems, Inc. ("MERS") as the beneficiary. *Id.* at 3.

On November 10, 2008, MERS assigned the beneficial interest under the Deed of Trust to Aurora Loan Services LLC ("Aurora"). *Id.* at 85. This document was recorded on December 11, 2008. *Id.* On November 10, 2008, a Notice of Default and Election to Sell under Deed of Trust was recorded. *Id.* at 91-92. On February 18, 2009, a first Notice of Trustee's Sale was recorded. *Id.* at 94. On August 2, 2010, a second Notice of Trustee's Sale was recorded. *Id.* at 101. On May 23, 2012, a third Notice of Trustee's Sale was recorded. On March 24, 2013, Defendant Nationstar Mortgage LLC ("Defendant" or "Nationstar") assigned the beneficial interest under the Deed of Trust. *Id.* at 121. On November 15, 2013, a fourth Notice of Trustee's Sale was recorded. *Id.* at 123.

On December 27, 2013, Plaintiffs initiated this action by filing a Complaint in the Superior Court of California, County of San Diego. (ECF No. 1 at 15). On January 30, 2014, Nationstar removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1). At the time of removal, Nationstar filed documents indicating that Defendant Cal-Western Reconveyance Corp. is a nominal defendant for the purposes of determining subject-matter jurisdiction. *See id.* ¶ 11.

On February 6, 2014, Nationstar filed the Motion to Dismiss the Complaint. (ECF. No. 6). On February 14, 2014, Plaintiffs filed a response. (ECF No. 7). On February 28, 2014, Nationstar filed a reply. (ECF No. 8).

### A.     Allegations of the Complaint

In February 2007, Plaintiffs refinanced the property at 287-289 Fifth Avenue in Chula Vista, California. (ECF No. 1 at 17 ¶ 14). Plaintiffs secured a loan in the amount of $508,000 from Lehman Bros. *Id.* ¶ 15. On February 12, 2007, a Deed of Trust was recorded as Document No. 2007-0115130. *Id.*

On December 11, 2008, MERS, as nominee for Lehman Bros., recorded a Corporate Assignment of Deed of Trust to Aurora as Document Number No. 2008-0631934. *Id.* ¶ 17.

The Complaint alleges:

> The Assignment of the Deed of Trust did not occur on/or ninety (90) days thereafter, but rather on December 11, 2008 long after the Trust had closed.  Said Assignment was ineffective as the Trust could not have accepted the Deed of Trust after the Closing Date and the requirements for a REMIC Trust.  If the assignment was made after the closing date, the non-compliance with the REMIC statutes would terminate the trust by extinguishing its tax exempt status under the REMIC statutes.

*Id.* ¶ 18.

This Corporate Assignment of Deed of Trust was signed by Joann Rein acting as Vice President of MERS. (ECF No. 1 at 18 ¶ 20). "Joann Rein ... signs thousands of property record documents without any legal or corporate authority whatsoever ... as Joann Rein ... was actually an employee of Aurora...." (ECF No. 1 at 18-19 ¶¶ 21, 31).

The Complaint asserts the following causes of action: (1) fraud; (2) violation of California Business and Professions Code § 17200 *et seq.*; (3) violation of California Civil Code §§ 2923.5 2923.55; (4) cancellation of instruments. (ECF No. 1 at 15, 23).

**B.     Motion to Dismiss**

On February 6, 2014, Nationstar filed a Motion to Dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6). Nationstar contends that the Complaint fails to state a claim upon which relief can be granted because "(1) Plaintiffs lack standing to challenge the securitization or assignment of their loan; (2) the assignments of Plaintiffs' deed of trust were lawful; (3) Plaintiffs were not prejudiced; (4) Plaintiffs' claims are barred by the statute of limitations; (5) Plaintiffs cannot establish all essential elements for fraud; (6) Plaintiffs did not sustain any injury; (7) California Civil Code § 2923.5 was strictly complied with [by Defendants]; and (8) Plaintiffs failed to make a valid tender on the unpaid balance of their loan." *Id.* at 2.

On February 14, 2014, Plaintiffs filed a response in opposition to the Motion to Dismiss. (ECF No. 7). Plaintiffs contend that the Complaint adequately states claims for relief pursuant to the holding of *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th

1079 (2013). Plaintiffs contend that each of their individual causes of action are adequately pled.

On February 14, 2014, Nationstar filed a reply in support of the Motion to Dismiss. (ECF No. 8).

**II.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pac. Police Depot*, 901 F.2d 696, 699 (9th Cir. 1990).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]' to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

**III.    Discussion**

    **A.     Standing**

Nationstar contends that each of the causes of action of the Complaint must be dismissed because Plaintiffs lack standing to maintain claims based on alleged

securitization violations and/or breaches of a pooling and servicing agreement. (ECF No. 6-1 at 10-12). Plaintiffs contend that they have standing to maintain such claims. (ECF No. 7-1 at 3).

"[C]ourts have held that borrowers who were not parties to the assignment of their deed—and whose rights were not affect by it—lacked standing to challenge the assignment's validity because they had not alleged a concrete and particularized injury that is fairly traceable to the challenged assignment." *Marques v. Fed. Home Loan Mortg. Corp.*, No. 12-cv-1873-IEG, 2012 WL 6091412, at *4 (S.D. Cal. Dec. 6, 2012) (citations omitted); *see id.* at *5 ("[T]he validity of the assignment does not affect whether [the] borrower owes its obligations, but only to whom [the] borrower is obliged.") (quotation omitted); *see also Siligia v. Mortg. Elec. Reg. Sys., Inc.*, 219 Cal. App. 4th 75, 85 (2013) ("The Siligas do not dispute that they are in default under the note. The assignment of the deed of trust and the note did not change the Siligas' obligations under the note, and there is no reason to believe that Accredited as the original lender would have refrained from foreclosure in these circumstances. Absent any prejudice, the Siligas have no standing to complain about any alleged lack of authority or defective assignment."); *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 541-15 (2013) ("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions. Furthermore, even if any subsequent transfers of the promissory note were invalid, [plaintiff] is not the victim of such invalid transfers because her obligations under the note remained unchanged.") (citations omitted); *cf. Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 944 (1976) ("A third party should not be permitted to enforce covenants made not for his benefit, but rather for others.... As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler.").

Plaintiff relies upon *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079 (2013). In *Glaski*, the California Court of Appeal held that, under New York trust law, a transfer of a deed of trust in contravention of the trust documents is "void, not merely voidable," and, under California law, "a borrower can challenge an assignment of his or her note and deed of trust if the defect asserted would void the assignment." *Id.* at 1095 (citations omitted). Based upon this theory, the *Glaski* court held that the plaintiff had standing and stated a claim for quiet title, declaratory relief and unfair business practices under California Business and Professions Code § 17200. *See id.* at 1100-01. This Court finds the reasoning in the above-cited caselaw to be more persuasive than the reasoning in *Glaski*. *See Rivac v. Ndex W. LLC*, No. 13-1417-PJH, 2013 WL 6662762, at *4 (N.D. Cal. Dec. 17, 2013) ("This court is persuaded by the majority position of courts within this district, which is that *Glaski* is unpersuasive, and that plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA.") (quotation and citations omitted); *see also Yarpezeshkan v. Bank of Am., N.A.*, No. 14-CV-237-JM, 2014 WL 3002410, at *4 (S.D. Cal. July 2, 2014) ("Opting to apply the majority rule, the court declines to follow *Glaski* and finds that Plaintiffs lack standing to challenge the securitization of their Loans as they were not parties to the relevant agreements.") (collecting cases); *Newman v. Bank of New York Mellon*, No. 12-CV-1629-AWI, 2013 WL 5603316, at *3 n.2 (E.D. Cal. Oct. 11, 2013) ("[N]o courts have yet followed *Glaski* and *Glaski* is in a clear minority on the issue. Until either the California Supreme Court, the Ninth Circuit, or other appellate courts follow *Glaski*, this Court will continue to follow the majority rule.").

The Court finds that Plaintiffs have failed to adequately allege that they have standing to challenge an agreement to which they were not a party.

**B. Fraud**

Plaintiffs allege "that beginning in 2008 to the present, [Nationstar] misrepresented material information by causing forged signatures to be placed on the

Assignment of Deed of Trust executed November 10, 2008, one year after the closing date." (ECF No. 1 at 20 ¶ 35). Plaintiffs allege "[t]his document listed Joann Rein, the signatory, as Vice President of MERS, and was recorded at the San Diego County Recorder's Office[] [o]n or about December 11, 2008." *Id.* Plaintiffs allege "[Nationstar] had knowledge of such falsity, as the signatory served as a Vice President of MERS, which served as the agent for [Nationstar] for purposes of executing a foreclosure of Plaintiffs' property." *Id.* ¶ 37. Plaintiffs allege that Nationstar's acts caused them "to rely on the recorded documents and ultimately lose the property which served as their primary residence." *Id.* at 20 ¶ 38.

In the Motion to Dismiss, Nationstar contends that Plaintiffs' "fraud claim is barred by the statute of limitations" and "[P]laintiffs fail to establish any of the essential elements required to state a claim for fraud." (ECF No. 6-1 at 16).

The elements for fraud are: "(1) a misrepresentation, which includes a concealment or nondisclosure; (2) knowledge of the falsity of the misrepresentation, i.e., scienter; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and (5) resulting damages." *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004) (citing *Small v. Fritz Cos., Inc.*, 30 Cal. 4t 167, 173 (2003)). "It is well-established in the Ninth Circuit that ... claims for fraud ... must meet Rule 9(b)'s particularity requirement." *Neilson v. Union Bank of Cal., N.A.*, 290F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("Rule 9(b)'s particularity requirement applies to state-law causes of action."). Pursuant to Federal Rule of Civil Procedure 9(b), a party alleging fraud must satisfy a heightened pleading standard by stating with particularity the circumstances constituting fraud. *See* Fed R. Civ. P. 9(b). "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess*, 317 F.3d at 1106 (quotations omitted). "Averments of fraud must be accompanied by 'the who,

1 what, when, where and how' of the misconduct charged." *Id.* (quoting *Cooper v.*
2 *Pickett*, 137 F.3d 616, 627 (9th Cir. 1994).

3       The Complaint fails to allege with specificity who forged the Assignment of the
4 Deed of Trust. The Complaint does not adequately allege how the forged Assignment
5 of the Deed of Trust caused Plaintiffs to default on their loan "and ultimately lose the
6 property which served as their primary residence." (ECF No. 1 at 20 ¶ 38). The Court
7 concludes that the allegations of fraud against Nationstar fail to satisfy the heightened
8 pleading requirement of Rule 9(b).

9       Under California Code of Civil Procedure § 338(d), a party must file "an action
10 for relief on the ground of fraud or mistake" within three years. Cal. Code Civ. P. §
11 338(d). Plaintiffs allege the forged signatures occurred on November 10, 2008. (ECF
12 No. 1 at 20 ¶ 35). The claim arising out of the alleged fraud must have been brought
13 within three years of the origination date, no later than November 10, 2011. *See* Cal.
14 Code Civ. P. § 338(d). Plaintiffs' Complaint was filed on December 27, 2013.
15 Plaintiffs do not allege that the application of the statute of limitations should be tolled
16 in this case. Based upon the allegations of the Complaint, the claim for fraud is barred
17 by the statute of limitations.

18       The Motion to Dismiss is granted as to the cause of action for fraud against
19 Nationstar.

20       **C.**    **Cancellation of Instruments**

21      In the cause of action for "cancellation of documents," Plaintiffs request an order
22 cancelling the: (1) Notice of Default recorded December 11, 2008; (2) Corporate
23 Assignment of Deed of Trust recorded November 10, 2008; and (3) Assignment of
24 Deed of Trust recorded March 4, 2013. (ECF No. 1 at 25 ¶ 64). The Complaint alleges
25 Nationstar "had no right, title, or interest in the relevant Note and Deed of Trust such
26 that it could ... declar[e] a default, and schedul[e] a 'sale' of the Plaintiffs' property."
27 *Id.* at ¶ 65.

28       Nationstar contends that "[b]oth assignments of the subject deed of trust

complied with the terms of the deed of trust and California Law." (ECF No. 6-1 at 13). Defendant contends that execution of a deed of trust "by a robo-signer does not give rise to any cognizable legal claim." *Id.*

California's nonjudicial foreclosure scheme does not "provide for a judicial action to determine whether the person initiating the foreclosure process is indeed authorized." *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1155 (2011) ("The recognition of the right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures."). California courts have held that in order to state a claim challenging a foreclosure sale, "it [is] not enough for plaintiff to allege that [the] purported assignment of the note in the assignment of deed of trust was ineffective. Instead, plaintiff [is] required to allege that [defendant] did not receive a valid assignment of the debt *in any manner*." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4 256, 271-72 (2011); *see also Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal. App. 4 1495, 1506 (2012) (same).

The Complaint alleges only that the purported assignments of the loan did not comply with the relevant REMIC Trust rules. (ECF No. 1 ¶ 18). The Complaint fails to allege sufficient facts indicating that Defendant "did not receive a valid assignment of the debt *in any manner*." *Fontenot*, 198 Cal.App. 4th at 272. The Motion to Dismiss is granted as to the cause of action for cancellation of documents against Nationstar.

**D.    California Business and Professions Code § 17200 *et seq.***

Nationstar contends that the cause of action for violation of California Business and Professions Code § 17200, *et seq.*, fails to adequately allege standing and is barred by the applicable statute of limitations. Plaintiffs contend that their claim for violation of § 17200 is adequately pled.

Section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. California Business and Professions Code

1  § 17204 limits standing to bring a claim to certain specified public officials and to any
2  person "who has suffered injury in fact and has lost money or property as a result of the
3  unfair competition."  Cal. Bus. & Prof. Code § 17204.  "This provision requires
4  [plaintiff] to show that she has lost money or property sufficient to constitute an injury
5  in fact under Article III of the Constitution, and also requires a causal connection
6  between defendant's alleged UCL violation and her injury in fact." *Rubio v. Capital*
7  *One Bank*, 613 F.3d 1195, 1204-05 (9th Cir. 2010) (quotation omitted).

8  Plaintiffs fail to allege that they suffered an injury cognizable under § 17200, as
9  required to establish standing to assert fraud-based claims challenging the foreclosure
10 of their mortgage.  *See* Cal. Bus. & Prof. Code §§ 17203, 17204.  Based upon the
11 allegations of the Complaint and the judicially-noticed documents, Plaintiffs were
12 obligated to pay their loan and faced foreclosure if they failed to meet their obligations.
13 Plaintiffs do not allege performance on their part to avoid default.  The Complaint does
14 not adequately allege that Plaintiffs "lost money or property."  *Id*. § 17204.

15 Section 17200 has a four-year statute of limitations.  *See* Cal. Bus. & Prof. Code
16 § 17208.  The Complaint alleges the assignment of the Deed of Trust took place on
17 either February 10, 2008 or December 11, 2008.  (ECF No. 1 at 18 ¶ 18; *id*. at 21 ¶ 41).
18 Any claim arising out of a purported violation of Section 17200 related to the
19 assignment must have been brought no later than December 12, 2012.  *See* Cal. Bus. &
20 Prof. Code § 17208.  Plaintiffs' Complaint was not filed until December 27, 2013.
21 Plaintiffs do not allege that the application of the statute of limitations should be tolled
22 in this case.  Based upon the allegations of the Complaint, the § 17200 claim is barred
23 by the statute of limitations.

24 The Motion to Dismiss the cause of action for violation of § 17200 against
25 Nationstar is granted.

26 **E.    California Civil Code §§ 2923.5, 2923.55**

27 The Complaint alleges that Nationstar failed to comply with Cal. Civ. Code §
28 2923.5 and requests that the Court declare the Notice of Default null and void.  (ECF

No. 1 at 25 ¶ 60). Plaintiffs allege that "at no time prior to issuing the Notice of Default [on November 10, 2008] did defendants contact Plaintiffs in person or by telephone...." *Id.* at 24 ¶ 56.

Nationstar contends that documents subject to judicial notice establish that it complied with the requirements of California Civil Code § 2923.5. (ECF No. 6-1 at 18-19). Nationstar contends that Plaintiffs' only remedy under section 2923.5, if Nationstar did fail to comply, is a postponement of the foreclosure sale. *Id.* at 20. Nationstar contends "[t]he trustee's sale of the property has already been postponed.... In the ensuing five years, no trustee's sale has been conducted." *Id.*

California Civil Code § 2923.5 prohibits mortgagees, trustees, beneficiaries, or authorized agents from filing a notice of default on an owner's principal residence until thirty days after contact is made with the owners or thirty days after satisfying the statutory due diligence requirements. *See, e.g.*, *Gutierrez v. PNC Mortg.*, No. 10-cv-1770-AJB, 2012 WL 1033063 (S.D. Cal. Mar. 26, 2012). The remedy for a violation of section 2923.5 "is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with section 2923.5." *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010).

Nationstar requests this Court take judicial notice of documents which include a computer printout of a letter prepared as certified mail with return receipt requested. (ECF No. 6-4 at 88-89). This document does not contain an indication that it was mailed or received by Plaintiffs. *Id.* In light of the Complaint's allegation that Nationstar did not contact Plaintiffs, the documents attached to the Request for Judicial Notice do not adequately establish compliance with § 2923.5. Plaintiffs sufficiently pled a violation of § 2923.5.

In the Complaint (ECF No. 1 at 23 ¶ 55) and Response to the Motion to Dismiss (ECF No. 7-1 at 13), Plaintiffs reference California Civil Code § 2923.55. Section 2923.55 was enacted pursuant to the Homeowner Bill of Rights, effective January 1, 2013, and is not retroactive. *See Moran v. GMAC Mortg., LLC*, No. 13-CV-4981-LHK,

2014 WL 2768871, at *10 (N.D. Cal., June 18, 2014) (collecting cases). The Notice of Default at issue was recorded in 2008, prior to the effective date of section 2923.55. *Id.* The Court finds Plaintiffs have not stated a claim under § 2923.55 against Nationstar.

The Motion to Dismiss the cause of action for violation of California Civil Code § 2923.5 *et seq.* is denied to the extent Plaintiffs make a claim for violation of § 2923.5, and granted to the extent Plaintiffs make a claim for violation of § 2923.55.

### F. Declaratory Relief

Plaintiffs allege "there currently exists an actual controversy as to the validity of the subject [Notice of Default] and, therefore, the legal validity of any foreclosure proceedings based thereon." (ECF No. 1 ¶ 62). Plaintiffs request that the Court declare the Notice of Default "null and void" (ECF No. 1 ¶ 61), and "Nationstar ... had no standing or authority to enforce the Note or [Deed of Trust]; ... since December 11, 2008, no party ... has standing to enforce the Note or [Deed of Trust] against Plaintiffs by any means; and ... any and all claims by Nationstar ... and Cal-Western Reconveyance Corp. or any other party acting in any capacity, other than Plaintiffs, are without right, and that such parties have no right, title, stake, lien, or interest whatsoever in the Property." *Id.* at 26.

The Declaratory Judgments Act states: "In a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "First, the court must inquire whether there is a case of actual controversy within its jurisdiction.... Second, if there is a case or controversy within its jurisdiction, the court must decide whether to exercise that jurisdiction. The statute gives discretion to courts in deciding whether to entertain declaratory judgments...." *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143-44 (9th Cir. 1994) (citations omitted); *see also G.E.I.C.O. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (listing factors a court may consider in deciding whether to exercise its discretion).

To the extent the claim for declaratory relief seeks to clarify which entity

Plaintiffs should pay their mortgage, Plaintiffs have failed to allege that more than one entity has ever requested payment from Plaintiffs for the same time period. Instead, the Complaint alleges that "since December 11, 2008 no party, Nationstar Mortgage Bank, or another, has standing or authority to enforce the Note or [Deed of Trust] against Plaintiffs by any means[.]" (ECF No. 1 at 26). To the extent the claim for declaratory relief relates to those issues, the Court finds that the allegations as currently pled are conclusory and do not "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. As discussed above, Plaintiffs have failed to adequately allege that they have standing to maintain such a claim.

The Court finds that the Complaint fails to adequately allege an actual controversy between Plaintiffs and Nationstar sufficient to warrant the Court exercising its discretion to entertain a declaratory relief action. The Motion to Dismiss Plaintiffs' request for declaratory relief is granted.

**IV.    Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss is DENIED as to Plaintiffs' claim under § 2923.5, and GRANTED without prejudice as to all remaining claims against Nationstar. (ECF No. 6).

DATED: July 14, 2014

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge